UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6293-CR-FERGUSON

UNITED STATES OF AMERICA, :

    Plaintiff, :

v. :

TROY BROWN, et al., :

    Defendants. :



**DETENTION ORDER**

    Pursuant to 18 U.S.C. § 3142(f), on October 19, 2000, a hearing was held to determine whether the defendant **Curtis Jones** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required and/or the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **Curtis Jones** be detained prior to trial and until the conclusion thereof.

    In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

    1. The defendant is charged with conspiracy to possess with intent to distribute more than five grams of crack cocaine,



and possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Therefore, the defendant is charged with offenses involving a narcotic drug. 18 U.S.C. § 3142(g)(1).

    2. The weight of the evidence against the defendant is substantial. Government witnesses will testify that the instant charges arise from an investigation commenced by the Fort Lauderdale Police Department in response to citizen complaints about crack cocaine sales in their neighborhood, which was located in the 1400 - 1600 blocks of NE 4th Avenue, Fort Lauderdale, Florida. During the time period of March - July 2000, surveillance officers observed eight men engaged in selling drugs in this neighborhood. An undercover detective purchased crack cocaine from each of the defendants during the period of the investigation. Each sale was videotaped and audiotaped, and the total amount of crack cocaine purchased by the undercover officer was approximately 30 grams. There have been no complaints of drug dealing in this neighborhood since the time these defendants were arrested. 18 U.S.C. § 3142(g)(2).

    3. The pertinent history and characteristics of the defendant are that he is a lifelong resident of this community and does not appear to be a risk of flight. However, the defendant has a prior conviction for delivery of cocaine. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. There is probable cause to believe the defendant conspired to possess and did possess with intent to distribute crack cocaine, offenses punishable by more than ten years under the Controlled Substances Act, 21 U.S.C. § 801, et seq. Accordingly, the defendant constitutes a danger to the community. 18 U.S.C. § 3142(g)(4).

5. The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required and/or the safety of any other person and the community. 18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a danger to the community. The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is

3

confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this 20th day of October, 2000.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　LURANA S. SNOW
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Bruce Brown (FTL)
Pretrial Services (FTL)
David Hodge, Esq.